```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Robert L. Conroy

    v.                                                        Civil No. 18-cv-641-LM
                                                                 Opinion No. 2018 DNH 223

The Dow Chemical Company, et al

## **O R D E R**

Robert Conroy alleges that he suffered serious injuries when the contents of a can of foam sealant manufactured by The Dow Chemical Company ("Dow") and distributed by Sudbury Lumber Company, Inc. ("Sudbury Lumber") exploded on him.  He sued Dow and Sudbury Lumber in New Hampshire Superior Court, and Dow removed the action to this court based on diversity jurisdiction.  Sudbury Lumber moves to dismiss the claim against it pursuant to Federal Rule of Civil Procedure 12(b)(2), claiming that the court lacks personal jurisdiction over it.  Conroy objects.  Because Conroy has failed to make a prima facie showing that this court has either specific or general jurisdiction over Sudbury Lumber, the court grants Sudbury Lumber's motion.

**STANDARD OF REVIEW**

When a defendant contests personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of persuading the court

that jurisdiction exists.  See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998).  Where, as here, the court considers a Rule 12(b)(2) motion without holding an evidentiary hearing, the court applies the prima facie standard.  See Sawtelle v. Farrell, 70 F.3d 1381, 1386 n.1 (1st Cir. 1995).  To make a prima facie showing of jurisdiction, a plaintiff cannot rest on the pleadings, but must adduce evidence of specific facts supporting jurisdiction.  See Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 145 (1st Cir. 1995).

The court "draws the facts from the pleadings and the parties' supplementary filings, including affidavits, taking facts affirmatively alleged by the plaintiff as true and viewing disputed facts in the light most favorable to plaintiff." Sawtelle, 70 F.3d at 1385.  The court may also consider the facts posited by defendant, to the extent they are uncontradicted.  See Mass. Sch. of Law, 142 F.3d at 34.  But the court need not "credit conclusory allegations or draw farfetched inferences."  Id. (quotation omitted).  In short, the court does not sit as a fact-finder; it "ascertains only whether the facts duly proffered, fully credited, support the exercise of personal jurisdiction."  Rodriguez v. Fullerton Tires Corp., 115 F.3d 81, 84 (1st Cir. 1997).

**BACKGROUND**

Conroy owns and operates a small carpentry business. In November 2016, he was working on a renovation project in which he planned to install insulation in a home. To complete the project, Conroy decided to use GREAT STUFF™, a foam sealant product. Dow manufactures Great Stuff and advertises it as an effective foam sealant, ideal "for a do-it-yourselfer." Doc. no. 1-1 at ¶ 15.

During the project, a worker handed Conroy a can of Great Stuff that had recently been purchased at Sudbury Lumber. Conroy began shaking the can, per the instructions. While doing so, the can slipped out of his hands, fell to the floor, and exploded. The contents of the can sprayed onto his face and hands, causing serious chemical burns. Conroy alleges a claim of products liability against both Sudbury Lumber and Dow, claiming that "Dow, by and through its authorized retailer, Sudbury Lumber, provided products to [him]" that were defective or unreasonably dangerous, resulting in injury. Id. at ¶¶ 92-93, 101-02.[1]

Sudbury Lumber is a Massachusetts corporation with its principal office in Sudbury, Massachusetts. Sudbury Lumber

---

[1] Conroy also alleges claims of negligent misrepresentation and a violation of the New Hampshire Consumer Protection Act against Dow.

asserts that it has no retail location or office, no registered agent, no employees, no mailing address, and no bank account in New Hampshire. Doc. no. 11-1 at 2. It also avers that it is not registered to do business in New Hampshire. Id. at 3.

Conroy does not dispute any of these assertions. Nevertheless, he contends that the court may exercise personal jurisdiction because of Sudbury Lumber's website. Sudbury Lumber does not dispute that it maintains a website. Id. at 2. According to Conroy, the website allows customers to search Sudbury Lumber's catalog—which includes Dow products—and add items to a shopping cart. Doc. no. 10 at 2. Once customers have placed items in a shopping cart, they have the option to "[e]mail for [a] quote," which commences a transaction between the customer and Sudbury Lumber. Id. Sudbury Lumber may respond to that communication to secure the customer's business. Conroy does not allege that customers can buy products directly through Sudbury Lumber's website.

## DISCUSSION

"Personal jurisdiction implicates the power of a court over a defendant." Foster-Miller, 46 F.3d at 143. "An exercise of jurisdiction must be authorized by state statute and must comply with the Constitution." Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir. 2005). New Hampshire's long-arm statute

4

reaches as far as the Constitution allows. Phillips Exeter Acad. v. Howard Phillips Fund, 196 F.3d 284, 287 (1st Cir. 1999). Therefore, the court's inquiry is whether the constitutional requirements of due process have been met. See id. "The Due Process Clause prohibits a court from imposing its will on persons whose actions do not place them in a position where they reasonably can foresee that they might be called to account in that jurisdiction." Id. Grounded in principles of fundamental fairness, the court's personal jurisdiction inquiry focuses on the quality and quantity of defendant's contacts with the forum state. See id. at 288.

Personal jurisdiction may be either specific or general. Cossaboon v. Maine Med. Ctr., 600 F.3d 25, 31 (1st Cir. 2010). Specific jurisdiction "may only be relied upon where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts." Id. (quotation omitted). By contrast, "[g]eneral jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." Foster-Miller, 46 F.3d at 144 (quotation omitted). The Supreme Court has recently clarified that, to justify general jurisdiction, defendant's forum state contacts must be so

5

continuous and systematic "as to render [defendant] essentially at home in the forum State." Daimler AG v Bauman, 571 U.S. 117, 133 n.11 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). Because Conroy has not distinguished between specific and general jurisdiction, the court will address both.

I.   Specific Jurisdiction

To determine whether specific jurisdiction exists, courts consider three elements: relatedness, purposeful availment, and reasonableness. Phillips v. Prairie Eye Center, 530 F.3d 22, 27 (1st Cir. 2008). Plaintiff must prove that each of these three requirements is met. Id. The first requirement of relatedness differentiates specific jurisdiction from general jurisdiction. While general jurisdiction may be exercised over "suits not directly founded on [defendant's] forum-based conduct," Cossaboon, 600 F.3d at 31 (quotation omitted), specific jurisdiction exists only if plaintiff's claim is related to defendant's contacts in the forum state, see Harlow, 432 F.3d at 57.

In assessing relatedness, the court must first identify what type of claim plaintiff alleges. See Phillips Exeter Acad., 196 F.3d at 289. In tort cases, the court examines "relatedness" by evaluating "whether the plaintiff has

6

established cause in fact (i.e., the injury would not have occurred 'but for' the defendant's forum-state activity) and legal cause (i.e., the defendant's in-state conduct gave birth to the cause of action)." Scottsdale Capital Advisors Corp. v. The Deal, LLC, 887 F.3d 17, 20-21 (1st Cir. 2018).

To the extent Conroy asserts that his claim is related to Sudbury Lumber's New Hampshire contacts, Conroy focuses on Sudbury Lumber's website. He alleges that Sudbury Lumber maintains a website accessible by New Hampshire residents that allows customers to add Dow products to a shopping cart and request a quote or credit application from Sudbury Lumber. Doc. no. 10 at 2.

These facts are insufficient to establish that Sudbury Lumber's contacts with New Hampshire were the factual and legal cause of Conroy's injuries. Conroy does not allege that the can of Great Stuff that caused his injuries was purchased through Sudbury Lumber's website, that he or his associates had shopped for or inquired about the product via the website, or that he or his associates had ever visited the website.[2] Therefore, even viewing the facts in the light most favorable to Conroy, the website was not a "but for" cause of Conroy's injury and he has

---

[2] The complaint alleges only that the can "had recently been purchased at Sudbury Lumber." Doc. no. 1-1 at ¶ 24.

7

not demonstrated that his claim is related to Sudbury Lumber's contacts in New Hampshire. Because Conroy cannot satisfy the first element of "relatedness," the court need not address the remaining requirements for specific jurisdiction. See Phillips, 530 F.3d at 27. Conroy has failed to make a prima facie showing that this court has specific jurisdiction over Sudbury Lumber.

II. General Jurisdiction

Because Conroy's claim is not related to Sudbury Lumber's contacts in New Hampshire, this court may exercise jurisdiction only if Conroy makes a prima face showing that the court has general jurisdiction over Sudbury Lumber. See Harlow, 432 F.3d at 57. The standard for establishing general jurisdiction is "considerably more stringent" than that for specific jurisdiction. Cossaboon, 600 F.3d at 32 (quotation omitted). To establish general jurisdiction, the plaintiff must show that: (1) the defendant has sufficient contacts with the forum state; (2) those contacts are purposeful; and (3) the exercise of jurisdiction is reasonable under the circumstances. Id.

To satisfy the first requirement, defendant's contacts with the forum state must be "so continuous and systematic as to render [defendant] essentially at home in the forum State." Daimler, 571 U.S. at 133 n.11 (quotation and internal quotation marks omitted). The second requirement that defendant's

contacts be "purposeful" asks whether defendant has purposefully and voluntarily directed its activities toward the forum such that it would expect to be subject to the court's jurisdiction. See Cossaboon, 600 F.3d at 32. These first two requirements turn on the "quality and nature" of defendant's activity in the forum state and are highly fact specific. Id. at 33 (quotation omitted). The final reasonableness requirement is secondary to the first two inquiries: "unless the defendant has some cognizable contacts with the proposed forum, the court cannot assert general jurisdiction." Id. (quotation omitted). To establish general jurisdiction, plaintiff must satisfy all three requirements. See id. at 39 n.7.

Conroy contends that the nature of Sudbury Lumber's website provides a basis for personal jurisdiction. It is well established, however, that "the mere existence of a website that is visible in a forum and that gives information about a company and its products is not enough, by itself, to subject a defendant to personal jurisdiction in that forum." Id. at 35 (quotation omitted). Instead, "something more" is necessary, such as the interactive feature of online shopping. Id. (quotation and brackets omitted). Whether that "something more" is present depends "on the extent to which the defendant has actually and purposefully conducted commercial or other

transactions with forum state residents through its website." Id.

Here, Conroy has not shown that Sudbury Lumber's contacts with New Hampshire are "something more" than a mere internet presence. It is undisputed that customers cannot complete a commercial transaction via Sudbury Lumber's website. See Cossaboon, 600 F.3d at 35 (holding no general jurisdiction over defendant hospital where its website had interactive features, such as patient pre-registration, but did not sell or render services online). Although customers may browse for products and place them in a shopping cart, Conroy does not allege that customers can finalize the purchase of those items online. Rather, after a customer creates a shopping cart, the customer's next option is to email Sudbury Lumber for a quote. Sudbury Lumber must then reach out to the customer to complete the transaction. Conroy does not allege that after such communication, the transaction can be completed online. Nor has Conroy offered any evidence of the amount of sales Sudbury Lumber generated from New Hampshire residents through its website, or how often New Hampshire residents visited the website. Compare Dagesse v. Plant Hotel N.V., 113 F. Supp. 2d 211, 223-24 (D.N.H. 2000) (finding no general jurisdiction over defendant hotel that had interactive website advertising

10

services and permitting online reservations because plaintiff proffered no evidence that defendant used website to do business or interact with forum state residents), with [Mieczkowski v. Masco Corp.](), [997 F. Supp. 782, 788 (E.D. Tex. 1998)]() (finding general jurisdiction based on combination of defendant's interactive website and traditional business contacts with forum state, including that 3.2% of defendant's gross sales income over previous four years was derived from forum state and that defendant biannually mailed advertisements to forum state customers).[3]

The website contacts Conroy relies upon are inadequate to establish that Sudbury Lumber engaged in the continuous and systematic pursuit of business in New Hampshire such that it was essentially "at home" here and could expect to be subject to this court's jurisdiction. Because Conroy has failed to satisfy the first element of sufficient contacts with the forum state,

---

[3] Conroy also relies upon the "close geographic proximity" of New Hampshire and Massachusetts, in conjunction with the website, to support the exercise of jurisdiction. Doc. no. [10]() at 4-5. The court is not convinced that the states' proximity to one another, without any evidence linking that proximity to sales to forum state residents through the website or otherwise, has any bearing in this case. Cf. [Ford v. RDI/Caesars Riverboat Casino, LLC](), [503 F. Supp. 2d 839, 844-45 (W.D. Ky. 2007)]() (finding exercise of jurisdiction over defendant casino reasonable based, in part, on casino's geographic proximity to forum state and its "heavy reliance" on forum state patrons for business).

this court need not reach the other two elements necessary to establish general jurisdiction.  See Cossaboon, 600 F.3d at 39 n.7.  The court cannot exercise general jurisdiction over Sudbury Lumber.

**CONCLUSION**

Conroy has failed to carry his burden of making a prima facie showing that this court has either specific or general jurisdiction over Sudbury Lumber.  Accordingly, Sudbury Lumber's motion to dismiss under Rule 12(b)(2) (doc. no. 9) is granted.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

November 8, 2018

cc:   Counsel of Record

12